# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-00376-GCM

| | |
|---|---|
| NOEL RIVERA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER COMES** before this Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Commissioner's Motion for Summary Judgment (Doc. No 13). Having carefully considered the motions and reviewed the record, the Court enters the following findings, conclusions, and Order.

## I.   BACKGROUND

The procedural history of this matter is as stated in the Commissioner's memorandum of law supporting the Commissioner's Motion for Summary Judgment.

The ALJ's findings relevant to this proceeding are as follows: Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014. (Tr. 41). Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (*Id.*). Plaintiff has a combination of impairments that more than minimally affect his ability to perform work related activities and are thus considered to be "severe." (*Id.*).  However, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (Tr. 41-42).

After consideration of the entire record, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations: "He needs to avoid concentrated exposure to hazards; and he is limited to performing simple, routine, repetitive, unskilled work tasks." (Tr. 43). The ALJ found in the fourth step that Plaintiff is unable to perform any past relevant work. (Tr. 50). Finally, at the fifth step, the ALJ concluded based on Plaintiff's limitations that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.*). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 51).

## II.   STANDARD OF REVIEW

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## III.   DISCUSSION

On appeal, Plaintiff asserts the ALJ made two errors in his decision: (1) the ALJ failed to properly explain Plaintiff's RFC in light of his shoulder injury; and (2) the ALJ failed to properly assess Plaintiff's mental RFC.

In *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). "The ability to perform simple tasks differs from the ability to stay on pace. Only the later limitation would account for a claimant's limitation in concentration, persistence or pace." *Id.*

Application of *Mascio* to the facts of this case shows that the ALJ did not properly take into account Plaintiff's moderate limitations in concentration, persistence, and pace ("CPP"). Once an ALJ finds that Plaintiff has moderate limitations in CPP, the ALJ has two options: (1) restrict the Plaintiff's RFC to adequately account for the limitations; or (2) adequately explain his decision to not further limit Plaintiff's RFC. Here, the ALJ listed various medical records and opinions in his decision. In the end, however, the ALJ gave only one conclusory paragraph as to why further limitation was not needed. (Tr. 51). While the ALJ alluded to "objective medical evidence," the ALJ failed to attach particular medical evidence to his individual decisions. This failure would leave the Court to guess as to why the ALJ made his decision. In other words, the ALJ failed to "show [his] work." *Patterson v. Comm'r of Social Security*, 846 F.3d 656, 663 (4th Cir. 2017). Without adequate explanation, the ALJ's decision is not supported by substantial evidence and remand is required.

Defendant argues that even if the ALJ erred by not properly explaining his RFC decision, any error was harmless. Remand is only appropriate if the error could lead to a different result. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir.1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to

believe that the remand might lead to a different result."). Here, remand is appropriate. The ALJ's failure to properly explain his decision on Plaintiff's mental RFC leaves the Court with no possibility of determining if that decision is supported by substantial evidence. Because the Court cannot make that determination, a different result on remand is possible. As such, the error is not harmless. Thus, remand is appropriate.

## IV. CONCLUSION

The undersigned has carefully reviewed the decision of the ALJ, the transcript of the proceedings, the motions, the briefs, and Plaintiff's assignments of error. Because the ALJ did not properly assess Plaintiff's RFC, the case must be remanded. Accordingly, Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; and

(3) the Commissioner's Motion for Summary Judgment (Doc. 13) is **DENIED**; and

(4) the matter is hereby **REMANDED** for further consideration.

**SO ORDERED**.

Signed: January 29, 2019

Graham C. Mullen
United States District Judge